**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>C.A. No. 20-_____ (___)<br><br>Bankr. Case No. 20-10343(LSS)<br><br>Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL (I) EXHIBIT A TO DEBTORS' MOTION TO FIX VENUE AND (II) THE DECLARATION OF BRUCE A. GRIGGS**

The Boy Scouts of America (the "BSA") and Delaware BSA, LLC (collectively, the "Debtors"), the non-profit corporations that are debtors and debtor-in-possession in the above-captioned bankruptcy case pending in the United States Bankruptcy Court for the District of Delaware, hereby move for entry of an order pursuant to Federal Rule of Civil Procedure 5.2 and D. Del. LR 5.1.3, authorizing the Debtors to file under seal (i) the chart of pending abuse actions (the "Pending Abuse Actions") attached as Exhibit A to the Motion to Fix Venue for Claims Related to the Debtors' Bankruptcy Under 28 U.S.C. §§ 157(b)(5) and 1334(b) (the "Transfer Motion") and (ii) the Declaration of Bruce A. Griggs in Support of the BSA's Motion to Fix Venue for Claims Related to Bankruptcy Under 28 U.S.C. §§ 157(b)(5) and 1334(b) (the "Griggs Declaration"). A proposed form of Order is attached hereto as Exhibit A.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

1.      On February 18, 2020 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code.

2.      On March 2, 2020, the Debtors commenced this miscellaneous action to fix venue in this Court (the "Transfer Proceeding") pursuant to 28 U.S.C. §§ 157(b)(5) and 1334(b). The Transfer Proceeding seeks to: (1) centralize the adjudication of the claims related to the Debtors' estates; (2) ensure orderly and efficient resolution of the claims asserted in the Pending Abuse Actions; (3) allow for efficient administration of the Debtors' estates; (4) and ensure that similarly situated creditors are treated equitably.

3.      The Debtors seek to file two documents under seal in this Transfer Proceeding: (i) a chart of Pending Abuse Actions, attached as Exhibit A to the Transfer Motion; and (ii) the Griggs Declaration, filed in support of the Debtors' Transfer Motion. Both the chart of Pending Abuse Actions and Griggs Declaration contain personal information identifying abuse victims and minors.

4.      Although the public has a "common law right of access to judicial proceedings and records," this right "is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). The "presumption of access must be balanced against the factors militating against access," with the party seeking to redact bearing the burden of "show[ing] that the interest in secrecy outweighs the presumption." *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The Court may order that documents be filed under seal where the party seeking the sealing of documents demonstrates that "good cause" exists to maintain protection of such information. *Barrett v. McDonald*, No. 14–742–LPS, 2015 WL 237165 (D. Del. Jan. 16, 2015) (granting motion to seal personal medical information).

5. Sufficient cause exists for the Court to grant the relief requested in this Motion. As further explained in the Transfer Motion and opening brief filed in support thereof, the BSA is currently a defendant in numerous lawsuits related to historical acts of sexual abuse in its programs. Many victims have taken legal action against the BSA and its related entities in the civil tort system through the Pending Abuse Actions, and the names and other identifiers of the individuals in those Pending Abuse Actions are listed on Exhibit A to the Transfer Motion and in the Griggs Declaration.

6. Due to the nature of the allegations, disclosure of the identities of the individuals in the Pending Abuse Actions, listed on Exhibit A to the Transfer Motion and in the Griggs Declaration, may lead to the potential harm or injury to such individuals. The redaction of the names of such individuals, however, will aid in protecting such individuals against the disclosure of a scandalous or defamatory matter in publicly filed Court documents.

7. Accordingly, the Debtors request that Exhibit A to the Transfer Motion and the Griggs Declaration be sealed.

8. In accordance with D. Del. LR 5.1.3, the Debtors will file on this Court's docket a redacted copy of Exhibit A to the Transfer Motion and the Griggs Declaration.

9. Pursuant to Local Rule 7.1.1 of Civil Practice and Procedure of the United States District Court for the District of Delaware, the undersigned counsel for the Debtors avers that, under the circumstances, a reasonable effort could not be made to reach agreement with the opposing parties on the matters set forth in this motion prior to the filing hereof.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: March 3, 2020<br>Wilmington, Delaware | Respectfully submitted,<br><br>SIDLEY AUSTIN LLP<br>James F. Conlan (*pro hac vice* pending)<br>Thomas A. Labuda (*pro hac vice* pending)<br>Michael C. Andolina (*pro hac vice* pending)<br>William A. Evanoff (*pro hac vice* pending)<br>Matthew E. Linder (*pro hac vice* pending)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  (312) 853-7000<br>Facsimile:  (312) 853-7036<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (*pro hac vice* pending)<br>William E. Curtin (*pro hac vice* pending)<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone:  (212) 839-5300<br>Facsimile:  (212) 839-5599<br><br>– and –<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>*/s/ Derek C. Abbott*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Joseph C. Barsalona II (No. 6102)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone:  (302) 658-9200<br>Facsimile:  (302) 425-4664<br><br>*Proposed Attorneys for the Debtors and Debtors in Possession* |

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>C.A. No. 20-_____ (___)<br><br>Bankr. Case No. 20-10343(LSS)<br><br>Jointly Administered |

**ORDER AUTHORIZING THE DEBTORS TO FILE UNDER
SEAL (I) EXHIBIT A TO DEBTORS' MOTION TO
FIX VENUE AND (II) THE DECLARATION OF BRUCE A. GRIGGS**

Upon the motion ("Motion to Seal") of the Boy Scouts of America and Delaware BSA, LLC, non-profit corporations and debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to file under seal (i) the list of pending abuse actions (the "Pending Abuse Actions") attached as Exhibit A to the Transfer Motion[2] and (ii) the Griggs Declaration; and this Court having jurisdiction to consider the Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that proper and adequate notice of the Motion to Seal has been provided under the circumstances; and after due deliberation thereon; and there being good and sufficient cause;

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion to Seal.

**IT IS HEREBY ORDERED THAT**

1. The Motion to Seal is GRANTED as set forth herein.

2. Debtors are authorized to file unredacted copies of Exhibit A to the Transfer Motion and the Griggs Declaration under seal.

3. Unredacted copies of Exhibit A to the Transfer Motion and the Griggs Declaration shall not be made available to anyone except for (a) the Court, (b) the United States Trustee, and (c) others upon Court order.

4. The Debtors are authorized to (a) file on this Court's docket a redacted copy of Exhibit A to the Transfer Motion and the Griggs Declaration, and (b) serve unredacted copies of Exhibit A to the Transfer Motion and the Griggs Declaration on counsel for the plaintiffs in the Pending Abuse Actions.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction to hear and decide any dispute related to or arising from this Order.

Dated: _____, 2020
Wilmington, Delaware

UNITED STATES DISTRICT COURT JUDGE