# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1] | Case No. 20-10343 (LSS) |
| Debtors. | Case No. 1:20-mc-00078-RGA |
| | Re: D.I. 18 |

## DEBTORS' STATUS REPORT

Pursuant to this Court's oral order on December 13, 2021 [D.I. 18] (the "Order"), Boy Scouts of America ("BSA") and Delaware BSA, LLC (together with the BSA, the "Debtors") hereby submit this status report in the above-captioned case, and state the following:

1. On February 18, 2020, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. Also on February 18, 2020, the Debtors initiated an adversary proceeding (the "Adversary Proceeding"), Adv. Proc. Case No. 20-50527 (LSS), in the Bankruptcy Court by filing a *Verified Complaint for Injunctive Relief* [A.D.I. 1] (the "Adversary Complaint"). In connection with the Adversary Complaint, the Debtors filed *The BSA's Motion for a Preliminary Injunction Pursuant to Sections 105(a) and 362 of the Bankruptcy Code* [A.D.I. 6] (the "Preliminary Injunction Motion"), seeking to enjoin certain pending abuse actions against the BSA and certain related parties.

3. On March 30, 2020, the Bankruptcy Court entered the *Consent Order Pursuant to*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

*11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction* [A.D.I. 54] (the "Consent Order") in the Adversary Proceeding.[2]  The Consent Order immediately stayed all Pending Abuse Actions and Further Abuse Actions up to and including May 18, 2020 (as has been extended from time to time, the "Termination Date").  Consent Order ¶¶ 3, 7.  Since March 30, 2020, the Bankruptcy Court has extended the Termination Date under the Consent Order several times.  *See* A.D.I. 72, 77, 116, 162, 185, 199.  Pursuant to the *Order Approving Sixth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 199] (the "Order Approving Sixth Stipulation"), the Termination Date has been extended up to and including the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Debtors' Plan.  *See* Order Approving Sixth Stipulation ¶ 1.

4.  While the Preliminary Injunction Motion was pending in the Adversary Proceeding, the Debtors filed in the United States District Court for the District of Delaware (this "Court") the *Debtors' Motion to Fix Venue for Claims Related to the Debtors' Bankruptcy Under 28 U.S.C. §§157(b)(5) and 1334(b)* [D.I. 2] and accompanying brief [D.I. 4] (together, the "Transfer Motion").  The Transfer Motion sought to centralize the Pending Abuse Claims in this Court to facilitate the negotiation and confirmation of a consensual plan of reorganization.

5.  The Debtors also filed in this Court the *Debtors' Motion to Stay Briefing on Their*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Consent Order or the Plan (as defined herein), as applicable.

*Motion to Fix Venue for Claims Related to Bankruptcy Under 28 U.S.C. §§ 157(b)(6) and 1334(b)* [D.I. 8] (the "<u>Stay Motion</u>"), requesting, in part, that this Court stay all briefing related to the Transfer Motion to permit the parties involved in the bankruptcy proceeding to negotiate and formulate a consensual chapter 11 plan. This Court granted the relief requested in the Stay Motion. D.I. 16.

6. On December 13, 2021, this Court entered the Order, directing the Debtors to "file a status report with the Court six months from the date of this Order and every six months thereafter until the case is reopened." *See* D.I. 18.

7. On February 15, 2022, the Debtors filed the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization for Boy Scouts of America and Delaware BSA, LLC* [D.I. 8816] (as subsequently amended and superseded by the Plan (as defined below)). The Plan is the product of more than two years of continuous negotiations and mediation with every major constituency in the chapter 11 cases. The Plan contains a series of comprehensive settlements and compromises, which are the product of the Debtors' and certain stakeholders' good-faith efforts to achieve the consensual resolution of disputed issues in the bankruptcy cases. These parties include (i) the Debtors' primary prepetition lender, JPMorgan Chase Bank, N.A., (ii) the Creditors' Committee, as the official committee appointed by the Bankruptcy Court to act as a fiduciary for unsecured creditors, (iii) an ad hoc committee of the Debtors' local councils, (iv) the Debtors' largest current and former chartered organizations, including the Church of Jesus Christ of Latter-Day Saints, the ad hoc committee of United Methodist entities, and the ad hoc committee of Roman Catholic entities, (v) multiple settling insurance companies, including the Century and Chubb Companies, Hartford, Zurich Insurers and Zurich Affiliated Insurers, and Clarendon, (vi) the Tort Claimants' Committee, the official committee of tort claimants

appointed by the Bankruptcy Court to act as a fiduciary for all sexual abuse survivors, (vii) the Future Claimants' Representative, as the fiduciary appointed by the Bankruptcy Court to represent the interests of future sexual abuse claimants, (viii) the Coalition of Abused Scouts for Justice, an ad hoc committee of thousands of sexual abuse survivors, and (ix) certain state court counsel representing a supermajority of abuse survivors who collectively represent approximately 60,000 of the 82,000 sexual abuse claimants (collectively, the "Settling Parties"). The central creditor constituencies affected by the Plan—sexual abuse survivors and indirect abuse claimants—voted to approve the Plan by more than 85% and 82%, respectively, in addition to all of the other classes that voted to accept the Plan. Thus, the Plan carries the overwhelming support of every major creditor group.

8. If confirmed, the Plan will create the largest sexual abuse compensation fund in the history of the United States (the "Settlement Trust," as defined and described in the Plan). The Settlement Trust will be comprised of more than $2.7 billion in cash and property from the BSA and the Settling Parties, as well as valuable rights to pursue additional recoveries against those parties that have not yet settled. If the Plan is confirmed, the Settlement Trust will process and pay the Abuse Claims pursuant to the Trust Distribution Procedures described in and incorporated as an exhibit to the Plan.

9. Beginning on March 14, 2022, the Court held an evidentiary hearing to consider confirmation of the Plan (the "Confirmation Hearing"). The Confirmation Hearing spanned 23 days and included live testimony from 16 fact witnesses and 12 expert witnesses. The Confirmation Hearing concluded on April 14, 2022. At the conclusion of the Confirmation Hearing, the Bankruptcy Court took confirmation of the Plan under advisement.

10. On April 22, 2022, the Debtors filed the *Third Modified Fifth Amended Chapter 11 Plan of Reorganization (With Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [D.I. 9696] (the "Plan") to reflect certain technical modifications and clarifications as well as incorporate certain resolutions addressing various objections raised at the Confirmation Hearing.

11. As of the date hereof, the Bankruptcy Court has not issued a decision regarding confirmation of the Plan.

12. The Debtors will submit a further status report on or before the next deadline, as necessary. Counsel is available at the convenience of the Court to answer any questions.

*[Remainder of Page Intentionally Left Blank]*

Dated: June 13, 2022
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Tori L. Remington*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Paige N. Topper (No. 6470)
Tori L. Remington (No. 6901)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Email: dabbott@morrisnichols.com
aremming@morrisnichols.com
ptopper@morrisnichols.com
tremington@morrisnichols.com

– and –

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 881-5400
Email: mandolina@whitecase.com
mlinder@whitecase.com
laura.baccash@whitecase.com
blair.warner@whitecase.com

ATTORNEYS FOR BOY SCOUTS OF AMERICA
AND DELAWARE BSA, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 13, 2022, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished via CM/ECF.

|  |  |
|---|---|
| June 13, 2022 | /s/ *Tori L. Remington*<br>Tori L. Remington (No. 6901) |