# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>                    Reorganized Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Case No. 1:20-mc-00078-RGA<br><br>**Re: D.I. 18** |

## REORGANIZED DEBTORS' EIGHTH STATUS REPORT

Pursuant to this Court's oral order [D.I. 18] (the "Order"), Boy Scouts of America ("BSA") and Delaware BSA, LLC (together with the BSA, the "Debtors" or "Reorganized Debtors" as applicable) hereby submit this eighth status report in the above-captioned case, and state the following:

1. On February 18, 2020, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. Also on February 18, 2020, the Debtors initiated an adversary proceeding (the "Adversary Proceeding"), Adv. Proc. No. 20-50527 (LSS), in the Bankruptcy Court by filing a *Verified Complaint for Injunctive Relief* [A.D.I. 1] (the

---

[1] The Reorganized Debtors in these chapter 11 cases, together with the last four digits of each Reorganized Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Reorganized Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

"Adversary Complaint"). In connection with the Adversary Complaint, the Debtors filed *The BSA's Motion for a Preliminary Injunction Pursuant to Sections 105(a) and 362 of the Bankruptcy Code* [A.D.I. 6] (the "Preliminary Injunction Motion"), seeking to enjoin certain pending abuse actions against the BSA and certain related parties.

3. On March 30, 2020, the Bankruptcy Court entered the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction* [A.D.I. 54] (the "Consent Order") in the Adversary Proceeding.[2] The Consent Order immediately stayed all Pending Abuse Actions and Further Abuse Actions up to and including May 18, 2020 (as has been extended from time to time, the "Termination Date"). Consent Order ¶¶ 3, 7. Since March 30, 2020, the Bankruptcy Court extended the Termination Date under the Consent Order several times. *See* A.D.I. 72, 77, 116, 162, 185, 199.

4. While the Preliminary Injunction Motion was pending in the Adversary Proceeding, the Debtors filed in the United States District Court for the District of Delaware (this "Court") the *Debtors' Motion to Fix Venue for Claims Related to the Debtors' Bankruptcy Under 28 U.S.C. §§157(b)(5) and 1334(b)* [D.I. 2] and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Consent Order or the Plan (as defined herein), as applicable.

2

accompanying brief [D.I. 4] (together, the "Transfer Motion"). The Transfer Motion sought to centralize the Pending Abuse Claims in this Court to facilitate negotiating and confirming a consensual plan of reorganization.

5. The Debtors also filed the *Debtors' Motion to Stay Briefing on Their Motion to Fix Venue for Claims Related to Bankruptcy Under 28 U.S.C. §§ 157(b)(6) and 1334(b)* [D.I. 8] (the "Stay Motion"), requesting, in part, that this Court stay all briefing related to the Transfer Motion to further allow parties to negotiate and formulate a consensual chapter 11 plan. This Court granted the relief requested in the Stay Motion. D.I. 16.

6. On December 13, 2021, this Court entered the Order, administratively closing this case and directing the Debtors to "file a status report with the Court six months from the date of this Order and every six months thereafter until the case is reopened." *See* D.I. 18. In accordance with the Order, the Debtors have filed seven status reports to date. *See* D.I. 19-25.

7. On September 8, 2022, the Bankruptcy Court entered an order [Bankr. D.I. 10316] (the "Confirmation Order") approving the Debtors' plan of reorganization [Bankr. D.I. 10296] (the "Plan").

8. Seventeen appeals[3] of the Confirmation Order were filed, docketed, and consolidated before this Court in September 2022. On March 28, 2023, this Court issued its order and 155-page opinion affirming the Confirmation Order (the "Affirmation Order"). *See In re Boy Scouts of Am.*, Case No. 20-00078-RGA [D.I. 150, 151].

9. On April 10, 2023, sixteen of the appellants filed notices of appeal of the Affirmation Order to the United States Court of Appeals for the Third Circuit (the "Confirmation Appeals").

10. The Effective Date of the Plan occurred on April 19, 2023 and the Plan was consummated. *See* Bankr. D.I. 11123-1.

11. On October 27, 2023, the Reorganized Debtors and certain other appellees filed a motion to dismiss the Third Circuit Appeals as moot, and appellees Settling Insurance Companies filed a motion to dismiss the appeals of Lujan Claimants and D&V Claimants as moot (together, the "Motions to Dismiss"). *See Lujan Claimants v. Boy Scouts of Am.*, Case No. 23-1664 (3d Cir. Apr. 10, 2023) [D.I. 123, 124]. The appellants opposed the Motions to Dismiss. *See id*. [D.I. 153,

---

[3] On January 3, 2023, the District Court dismissed without prejudice the appeal commenced by a *pro se* claimant for failure to comply with the District Court's order directing the appellant to pay a filing fee owed or file an application to proceed without prepayment of fees and affidavit. *See* Case No. 22-01121 [D.I. 41].

154, 155]; *D&V Claimants v. Boy Scouts of Am.*, Case No. 23-1666 (3d Cir. Apr. 11, 2023) [D.I. 153]; *Nat'l Union Fire Ins. Co. of Pittsburgh PA., et al., v. Boy Scouts of Am.*, Case No. 23-1668 (3d Cir. Apr. 11, 2023) [D.I. 146].

12. On November 6, 2024, the Court held oral arguments on appellees' motions to dismiss and on the merits of the Confirmation Appeals.

13. On May 13, 2025, the Third Circuit issued a precedential opinion and judgment affirming in part, reversing in part, and remanding this Court's Affirmation Order. *See id.* [D.I. 669, 270]. In particular, the Third Circuit: (i) dismissed the appeals of the Lujan Claimants and D&V Claimants as statutorily moot under section 363(m) of the Bankruptcy Code; (ii) affirmed the Affirmation Order as to the Certain Insurers' appeals; and (iii) reversed the Affirmation Order only as to the Allianz Insurers' claims, ordering that the Bankruptcy Court enter an order on remand that modifies the Confirmation Order's judgment reduction clause as set out in Exhibit A of the Allianz Insurers' opening brief. *Id.*

14. On May 27, 2025, the Lujan Claimants and D&V Claimants filed petitions for rehearing *en banc*. *See id.* [D.I. 271]; *D&V Claimant*, Case No. 23-1666 [D.I. 279]. On June 13, 2025, the Third Circuit denied the petitions. *See id.* [D.I. 272]; *D&V Claimant*, Case No. 23-1666 [D.I. 283].

15. On July 15, 2025, this Court entered an order remanding the appeal to the Bankruptcy Court for an appropriate order implementing the Third Circuit's

opinion and mandate (the "Amended Confirmation Order").  *See In re Boy Scouts of Am.*, No. 22-01237 (RGA) [D.I. 268].

16.  On July 21, 2025, the Bankruptcy Court entered the Amended Confirmation Order.  *See* Bankr. D.I. 12966.

17.  On October 14, 2025, the Lujan Claimants filed a petition for a writ of certiorari with the Supreme Court of the United States.[4]  *Lujan Claimants v. Boy Scouts of Am., et al.*, No. 25-490.  The petition was formally docketed on October 21, 2025.  On October 28, 2025, the Reorganized Debtors filed a motion to extend the time to file an opposition brief from November 20, 2025, to December 4, 2025.  On October 29, 2025, the Court granted the motion for all respondents.

18.  On December 4, 2025, the Reorganized Debtors, the Coalition of Abused Scouts for Justice and Future Claimants' Representative, and Hartford Accident and Indemnity Company, First State Insurance Company, Twin City Fire Insurance Company, and Navigators Specialty Insurance Company filed briefs in opposition of the Lujan Claimants' petition.[5]

---

[4]  On September 3, 2025, Justice Alito granted the Lujan Claimants a 30-day extension to file their petition for a writ of certiorari.

[5]  On October 29, 2025, the Court granted respondents a two-week extension of their deadline to file briefs in opposition to the Lujan Claimants' petition.

6

19. The Supreme Court will consider the Lujan Claimants' petition during the 2025–26 term.

20. The Reorganized Debtors will submit a further status report on or before the next deadline, as necessary. Counsel is available at the convenience of the Court to answer any questions.

| | |
|---|---|
| Dated: December 15, 2025<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Sophie Rogers Churchill*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Sophie Rogers Churchill (No. 6905)<br>1201 North Market Street, 16th Floor<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>       aremming@morrisnichols.com<br>       srchurchill@morrisnichols.com<br><br>– *and* –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– *and* –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>       mlinder@whitecase.com<br>       laura.baccash@whitecase.com<br>       blair.warner@whitecase.com<br><br>ATTORNEYS FOR BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC |